[No. 2893.   Decided June 16, 1898.]

C. A. CARLSON, *Respondent*, v. WILKESON COAL AND COKE COMPANY, *Appellant*.

NEGLIGENCE OF MASTER — EMPLOYMENT OF INCOMPETENT SERVANT.

The negligence of a coal company in employing an incompetent door tender, by reason of which injuries were sustained by a fellow servant, is established by evidence showing that the door tender was a boy fourteen and a half years old;   that his duty consisted, for thirteen hours a day, in opening a door in a dark mine gangway for approaching trains;   that there was a heavy pressure of air against the door, which was increased whenever a train approached, rendering it difficult to open;   that the boy had been employed but a short time, had once before failed to get the door open, had been complained against and his removal promised several days before the injuries occurred;   that at the time of the accident he did not notice the approach of the train, though signalled by whistle, quickly enough to open the door;   and that the engine crashed through the door, causing the injuries complained of to the plaintiff.

Appeal from Superior Court, Pierce County.—Hon. THOMAS CARROLL, Judge.   Affirmed.

*Sharpstein & Blattner*, for appellant.

*Fred H. Peterson (E. D. Wilcox*, of counsel), for respondent.

The opinion of the court was delivered by

REAVIS, J.—Appellant is the owner of a coal mine at Wilkeson, Pierce county.   The entrance to the mine is through a gangway or tunnel.   A three-foot gauge car track is laid in the gangway.   Over this track engines and cars carry the coal out of the mine.   At the entrance to the gangway and at the distance of 450 feet further toward the interior are constructed doors.   The inside door is six feet and one-half inch at the top, six feet five and three-

fourth inches at the bottom and five feet seven inches in height, and is one and a half inches thick, braced by two cross bars on the inside. On the outside of the door strap hinges running out the width of the door were fastened by bolts running through the door and the braces. Both doors were hung to the timbers at the right side of the gangway and opened towards the entrance of the gangway. The usual speed in the gangway was between six and eight miles an hour; sometimes faster. These doors were opened by an employee stationed at the right side of the gangway, and to open the door he had to cross the track. Two locomotives were operated in the gangway and an engineer and switchman or brakeman were employed on each of the engines. Respondent was a switchman on one of the engines. Frank Cope, a boy aged fourteen and a half years, was stationed at the right of the interior door. His duty was to open the door when the engine came along the gangway, and to shut it after it passed through. Respondent was with his engine and as it, with cars attached, was going along the gangway at a speed of from seven to twelve miles an hour, the doors being unopened at the usual signal, the engine crashed through them and respondent was injured, having his leg broken. In his complaint he alleges negligence of appellant in the employment of an incompetent person to attend the opening of the doors. The gangway was a dark passage and the attendant at the doors could only stop trains by waving his lantern. At the conclusion of the trial appellant moved the court to take the case from the consideration of the jury and enter judgment dismissing the action on the ground that there was no evidence that plaintiff's injury was sustained as the result of any negligence on the part of the defendant, and that plaintiff's injury resulted from his own negligence. The motion was overruled. The jury returned a verdict for $750 damages in favor of respondent.

The only error assigned and argued here is the insuffi-

ciency of the evidence to justify the verdict. It appears from the plaintiff's testimony that the doors across the interior of the gangway had to be opened against a pressure of forty-five pounds, together with the additional weight caused by reason of the advancing engine; that appellant employed a boy named Cope, fourteen and a half years of age, to open these doors; that a few days before Cope had attempted to open these doors and failed; that the boy said he could not get the door open at that time and that complaint was made to the authorized representative of the appellant company of the incompetency of the boy at this time, and that such representative promised to remove him and appoint a competent man, but several days were allowed to elapse without such removal and the injury occurred to the respondent while the boy was still attending the door, and because the boy did not open it when the engine came along. Appellant maintains that the statute permits the employment of boys over fourteen years of age in mines, and that there is a presumption of his capacity, and the burden of proof is upon the respondent to show his incapacity. It was, however, correct for the jury to take into consideration, in connection with the other facts, the immature years of the boy, and also the fact that he was engaged for thirteen hours a day at the door. The boy's size, age, previous experience, strength and intelligence could properly be considered by the jury. The place was an important one. The lives of the company's employees depended upon the competency and faithfulness with which the work was done. It required care in the selection of a competent person to attend these doors. One of the witnesses for plaintiff testified that when the air was strong it required all a man's strength to open the door. Before the engine crashed through the door the whistle was blown two or three times. Cope testified he did not hear the whistle. He should have heard it. Appellant offered testimony tending to show that

boys of the age of Cope were frequently employed for the same character of work he was doing in other coal mines. It would not be determinative of competency, but certainly ordinary experience and observation would imply that a boy fourteen years and a half old was not ordinarily equal in strength or intelligence to a full grown man. But the nature of the work is to be considered. As to the force of proof by appellant of the custom of employing boys for the same work in other coal mines, the supreme court of the United States, in *Wabash Ry. Co. v. McDaniels*, 107 U. S. 454 (2 Sup. Ct. 938), well observed:

" And to say, as a matter of law, that a railroad corporation discharged its obligation to an employee—in respect of the fitness of co-employees whose negligence has caused him to be injured—by exercising, not that degree of care which ought to have been observed, but only such as like corporations are accustomed to observe, would go far towards relieving them of all responsibility whatever for negligence in the selection and retention of incompetent servants."

There is substantial testimony to support the verdict of the jury. No exceptions were taken to the instructions of the court, and its judgment is affirmed.

SCOTT, C. J., and DUNBAR and GORDON, JJ., concur.

ANDERS, J., not sitting.